# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2012

No. 09-30330
Summary Calendar

Lyle W. Cayce
Clerk

KYOMI POSTLEY,

Plaintiff–Appellant

v.

GENERAL MOTORS,

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CV-883

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Kyomi Postley brought this personal injury lawsuit against Defendant–Appellee General Motors, and the district court granted General Motors' motion to dismiss Postley's claims. Postley now appeals the district court's denial of her motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b)(6). We AFFIRM the district court's denial of Postley's Rule 60(b)(6) motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30330

On June 19, 2008, Kyomi Postley ("Postley"), proceeding pro se, filed a personal injury lawsuit in federal district court on behalf of herself and her two minor children. She alleged that, in June 2005, she and her children were in a car accident involving a 2005 Pontiac Grand Am manufactured by General Motors and rented from National Car Rental. She alleged that a defective air bag in the car caused her injuries. General Motors was the only defendant named in the caption of Postley's complaint. However, in Postley's application to proceed *in forma pauperis*, she listed General Motors and National Car Rental as defendants.

On August 6, 2008, General Motors filed a motion to dismiss Postley's claims on two grounds: (1) that her action was prescribed pursuant to Louisiana law; and (2) that Postley failed to comply with the requirements of Rules 8(a) and 10(a) of the Federal Rules of Civil Procedure. On September 17, 2008, in an order entitled "Judgment," the district court granted General Motors' motion, dismissing Postley's claims with prejudice. Postley filed an untimely notice of appeal from the district court's judgment on October 31, 2008. We dismissed Postley's appeal for lack of jurisdiction.

On December 30, 2008, Postley filed a motion for relief from the district court's judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Postley argued that she was under heavy medication as a result of the car accident, which constituted "extraordinary circumstances" warranting relief under Rule 60(b)(6). On January 8, 2009, Postley filed an Affidavit of Service requesting the clerk to enter a default judgment against National Car Rental for failure to answer. That same day, the clerk issued a notice of entry of default against National Car Rental. National Car Rental then filed a motion to set aside the entry of default and a motion to dismiss Postley's claims.

On March 6, 2009, the district court denied Postley's Rule 60(b)(6) motion, concluding that she had not demonstrated any ground for relief. On March 9,

2

No. 09-30330

2009, in an order entitled "Final Judgment," the district court granted National Car Rental's motions, concluding that Postley's suit, "in its entirety," was dismissed with prejudice. In a footnote, the court noted that it had "intended the September 17, 2008 Judgment to dismiss all claims by [Postley] against any and all proposed defendants." Nevertheless, because Postley and the clerk of the court "did not construe the judgment as such," the district court decided to rule on and grant National Car Rental's motions. Postley did not file a notice of appeal from the district court's March 9, 2009 final judgment. On April 6, 2009, Postley appealed the district court's denial of her Rule 60(b)(6) motion.[1]

We must first decide whether we have jurisdiction over this appeal. Pursuant to 28 U.S.C. § 1291, we have jurisdiction over "appeals from all final decisions of the district courts of the United States." General Motors argues that we do not have jurisdiction under § 1291 because Postley "did not appeal from a final judgment of the district court or any other order or judgment from which a proper appeal could be taken." General Motors contends that the district court's denial of the Rule 60(b)(6) motion "was not an appealable final judgment because National Car Rental remained a defendant" in the lawsuit until the court entered its final judgment on March 9, 2009.

We conclude that General Motors' argument is without merit. In the instant case, the district court denied Postley's Rule 60(b)(6) motion on March 6, 2009. Three days later, on March 9, 2009, the court entered final judgment dismissing Postley's suit in its entirety. Then, on April 6, 2009, Postley timely appealed the district court's denial of her Rule 60(b)(6) motion. Because Postley appealed the denial of her Rule 60(b)(6) motion after the district court's entry of final judgment, the court's order denying her Rule 60(b)(6) motion was a final,

---

[1] On March 11, 2010, we granted National Car Rental's motion to dismiss Postley's appeal, but only as to National Car Rental. Postley's appeal as to General Motors was not resolved because of a bankruptcy stay. The bankruptcy stay was lifted in February 2012.

appealable order under § 1291. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) ("The general rule is that 'a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.'") (citation omitted); 15A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3905.1 (2d ed.) ("When a district court enters its final order terminating a litigation, orders previously entered during the course of the action can be reviewed by [an appellate court] if so requested by an aggrieved party.") (citation and internal quotation marks omitted); *see also Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092, 1102 (5th Cir. 1983) ("Under the final judgment appealability rule, a party may obtain review of prejudicial adverse interlocutory rulings upon his appeal from adverse final judgment, at which time the interlocutory rulings (nonreviewable until then) are regarded as merged into the final judgment terminating the action.") (citations omitted).  Therefore, we conclude that we have jurisdiction over Postley's appeal.

We review the denial of a Rule 60(b) motion for abuse of discretion. *See Warfield v. Byron*, 436 F.3d 551, 555 (5th Cir. 2006) (citation omitted).  Pursuant to Federal Rule of Civil Procedure 60(b)(6), a court may reopen a judgment when a party shows "any other reason that justifies relief."  We have stated that the "'any other reason' language refers to any other reason than those contained in the five enumerated grounds on which a court may grant a Rule 60(b) motion." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citation omitted).  While we have recognized that "Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case," we have also stated that Rule 60(b)(6) relief "will be granted only if extraordinary circumstances are present." *Id.* (citations and internal quotation marks omitted).

In her Rule 60(b)(6) motion, Postley contended that relief from the dismissal of her claims was warranted because she was under heavy medication

No. 09-30330

as a result of the car accident, which prevented her from complying with Rules 8(a) and 10(a) of the Federal Rules of Civil Procedure. The district court denied Postley's Rule 60(b)(6) motion, reasoning that "even if the [c]ourt were to find that [Postley's] medication condition is an 'extraordinary circumstance' excusing her failure to comply with Rules 8(a) and 10(a)," Postley's claims prescribed two years prior to the commencement of the action. The court stated that "[r]eopening the case will not 'turn back time' and would only cause the parties undue expense and result in a waste of time."

We conclude that the district court did not abuse its discretion in denying Postley's Rule 60(b)(6) motion. The court was correct to note that, even assuming Postley's medical condition was an "extraordinary circumstance" that excused her lack of compliance with Rules 8(a) and 10(a), her claims prescribed two years before the filing of her lawsuit. Under Louisiana law, delictual actions are subject to a one-year prescriptive period, which begins to run from the date of injury. LA. CIV. CODE ANN. art. 3492. In her complaint, Postley alleged that the accident that caused her injuries occurred in June 2005. However, Postley did not file her complaint until June 2008, which was two years after the prescriptive period had ended.[2] Thus, Postley's claims had prescribed under Louisiana law, and Postley pointed to no "extraordinary circumstance" that warranted relief from the district court's dismissal of her claims based on prescription. Therefore, we hold that the district court did not abuse its discretion in denying Postley's Rule 60(b)(6) motion.

For the foregoing reasons, we AFFIRM the district court's denial of Postley's Rule 60(b)(6) motion.

---

[2] Postley has not argued to the district court or to this court that there is a basis for the interruption or suspension of the prescriptive period. *See Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 517 (5th Cir. 2009) (stating that where plaintiff's claims are facially prescribed, plaintiff bears the burden of demonstrating that prescription was interrupted or suspended).